```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**RICHARD A. QUILLEN,**

                            **Petitioner,**

          v.                                CASE NO. 12-3053-SAC

**PHYLLIS GILMORE, et al.,**

                            **Respondents.**

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is held at the Larned State Hospital following his civil commitment pursuant to the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01, *et seq*.

**Background**

Petitioner was convicted in October 1999 in the District Court of Johnson County, Kansas, of two counts of Aggravated Indecent Solicitation of a Child in violation of K.S.A. 21-3511(a). He was sentenced to a term of 43 months, consecutive to another sentence imposed in the District Court of Wyandotte County, Kansas.

In January 2006, the Attorney General of Kansas commenced proceedings in the District Court of Johnson County to have petitioner civilly committed for care and treatment as a sexually violent predator pursuant to the KSVPA.

In December 2006, petitioner and the State entered a consent decree and stipulation in which petitioner agreed the allegations in the petition were true and that he was a sexually violent predator. The district court accepted the parties' agreement, found petitioner

met the established criteria for a sexually violent predator, and ordered his commitment to the Kansas Department of Social and Rehabilitation Services for care and treatment.

In late May and early June 2010, petitioner filed duplicate motions for relief from judgment in the state district court. The court denied relief, and petitioner unsuccessfully sought appellate relief.

Petitioner now seeks habeas corpus relief on the grounds the state district court lacked jurisdiction in the civil commitment proceedings, that he was denied due process by the state court's failure to find the facts necessary to support the commitment, that his placement in a county jail during the pendency of the civil commitment proceedings violated his constitutional rights; and that the state district court violated due process by failing to conduct a trial.

## Discussion

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, when a claim has been adjudicated on its merits in the state courts, a federal court may grant habeas corpus relief only if the petitioner shows that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A federal court has no authority in habeas corpus to review a state court's decision concerning the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(explaining

it is not the province of federal habeas corpus review to reexamine state-court decisions on state-law questions). Rather, the federal habeas court may consider only whether the conviction or confinement challenged violates the U.S. Constitution, federal law, or treaties. 28 U.S.C. § 2241.

*Jurisdiction of the state court*

Petitioner claims the state district court lacked jurisdiction in the civil proceedings because the State failed to commence the petition within the time allowed by the statute.

The Kansas Court of Appeals (KCOA) rejected this claim. It first identified the governing statutory provision, K.S.A. 59-29a03(a), which states "the agency with jurisdiction shall give written notice [that a person appears to be a sexually violent predator] 90 days prior to" release from confinement. The KCOA held that this provision does not ban the commencement of proceedings earlier, that petitioner stipulated that the petition was filed approximately 55 days prior to his release, that petitioner failed to support his claim that he was scheduled for release 3 years from the time the petition was filed, and that even if the State erred in filing the petition, that error would not deprive the court of jurisdiction, as state statutes provide that the timeline provisions are not jurisdictional. *In re Quillen*, 259 P.3d 748, 2011 WL 4031553, *3 (Kan.App. 2011)[1].

These findings are an interpretation of state law by a state court, and there is no basis for habeas corpus relief. *Estelle, id*.

*Failure to find necessary facts*

Petitioner next asserts the district court failed to find that

---

[1] A copy of this unpublished order is attached.

he suffered from a specific mental abnormality that prevents him from controlling his own behavior, and that this failure to find the necessary facts to support his commitment denied him due process.

The KCOA also rejected this claim. It found the State's petition alleged that petitioner "suffers from a mental abnormality or personality disorder which makes him likely to engage in repeat acts of violence." Petitioner stipulated that all facts in the State's petition were true. The KCOA, citing state case law, found that petitioner was bound by a judgment premised upon stipulation or consent and could not appeal from that judgment. *In re Quillen*, *id.* (citing *In re Care and Treatment of Saathoff*, 32 Kan. 291 (2001)).

This ruling also is a state-court decision concerning a matter of state law, and review of such a finding is not the province of a federal habeas court. Moreover, as respondents note, this finding is consistent with United States Supreme Court precedent. *See Christian Legal Soc'y v. Martinez*, ___ U.S. ___, ___, 130 S.Ct. 2971, 2983 (2010)("Litigants, we have long recognized, '[a]re entitled to have [their] case tried upon the assumption that … facts, stipulated into the record, were established.'")(quoting *H. Hackfeld & Co. v. United States*, 197 U.S. 442, 447 (1905)).

*Placement in county jail*

Petitioner also seeks habeas corpus relief on the ground that he was improperly held in the Johnson County Adult Detention Center during the pendency of the civil commitment proceedings. The KCOA rejected this claim on two grounds, first, it found the claim moot[2], as petitioner was no longer confined in the county jail, and second,

---

[2] While petitioner argues in his traverse that this point is not moot because he faces placement in a county jail during annual reviews, this claim was not presented to the state courts and is not presented in the petition in this matter.

it noted that the KSVPA, in K.S.A. 59-29a05(d), authorizes the placement of a charged sexually violent predator in a secure facility, including a county jail. *In re Quillen*, *id*. at *4.

*Right to trial*

Finally, petitioner claims he was denied due process by the failure of the state district court to conduct a trial. The KCOA rejected this argument, finding that state case law allows a person to stipulate to being a sexually violent predator without a trial. *In re Quillen*, *id*., (citing *In re Care and Treatment of Saathoff*, 32 P.3d 1173, 1174 (Kan. 2001)). This is a state-court determination based upon controlling case law, and it does not present a claim cognizable in federal habeas corpus.

## Conclusion

For the reasons set forth, the court finds petitioner has not presented any claim that suggests constitutional error in the civil commitment proceedings against him. The Kansas courts adjudicated his claims on the merits, and there is no showing of any decision that was contrary to clearly established federal law or of any unreasonable determination of the facts. Rather, it appears the rulings of the Kansas courts rest upon the interpretation and application of state law; therefore, they are matters outside the province of this court's review in habeas corpus. There is no ground for habeas corpus relief, and this matter must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 13th day of February, 2013, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge